(No. 3986— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

LOUISA AMMANN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

JAMES M. BYRNE, for claimant.

GEORGE F. BARRETT, Attorney General and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

Claimant, Louisa Ammann, is the widow of Louis Ammann, deceased, formerly employed by the Department of Public Works and Buildings, Division of Highways, as a laborer. On the morning of June 19, 1946, while standing on the running board of a truck which was being towed, the deceased was thrown from the truck, falling backwards, and striking his head on the pavement. Death occurred five hours later. Ammann was married and left him surviving his widow, the claimant, but no children dependent upon him for support. His earnings during the year immediately preceding his death were $1,439.05.

At the time of the accident, which resulted in the death of Louis Ammann, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's employment.

Claimant is entitled to an award under Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00. The death having occurred as a result of an injury sustained after July 1st, 1945, this amount must be increased 20%, or $800.00.

An award is, therefore, made in favor of the claimant, Louisa Ammann, in the amount of $4,800.00, to be paid to her as follows:

$ 498.00 payable in weekly installments of $16.60 per week, for a period of 30 weeks, which has accrued and is payable forthwith;

$4,302.00 payable in weekly installments of $16.60 per week, beginning, January 16, 1947, for a period of 259 weeks, with an additional final payment of $2.60.

Claimant's petition for a lump sum award is denied.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."